IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON, SR., | No. C 11-1558 WHA (PR) |
| Plaintiff, | **ORDER OF TRANSFER** |
| v. | |
| STEVE PLETCHER; UNIVERSITY OF CALIFORNIA SAN FRANCISCO REGENTS; M. OSMAN; L. HALL; C. JOLLY; D. MEHTA; S. SABIN; L. WARHOVER; H. AL-MUFTI; G. LONG; DUNLAP; M. CATE; J. BICK; N. AGUILAR; STATE OF CALIFORNIA; DOES 1 through 50, | (Docket No. 2) |
| Defendants. | |

This is a civil rights case brought pro se by a state prisoner incarcerated at the California Medical Facility ("CMF") in Vacaville, California, alleging that he receive inadequate medical care for his nasal problems both at CMF and at the University of California, San Francisco, Medical Center. Eleven of the twelve medical professionals named as defendants are located at CMF, where the bulk of plaintiff's medical care took place, and the other is located at UCSF. Plaintiff also names as defendants the Secretary of the California Department of Corrections and Rehabilitation, in Sacramento, the UCSF Medical Center, and the State of California. CMF and Sacramento are both located within the venue of the United States District Court for the Eastern District of California, and UCSF is located within the venue of this district..

When, as here, jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

1  judicial district in which any defendant may be found, if there is no district in which the action
2  may otherwise be brought.  28 U.S.C. § 1391(b).  As there are defendants located in both the
3  Northern and Central Districts, under Section 1391(b), venue is allowed in either district.
4        However, where an alternative forum with greater relation to the defendants or the
5  action exists than the forum in which the action was filed, 28 U.S.C. 1404(a) allows transfer of
6  a case from one federal district court to another "[f]or the convenience of parties and witnesses,
7  in the interest of justice."  As twelve of the defendants are located in the Eastern District
8  compared to only two in this district, the majority of plaintiff's medical care took place in the
9  Eastern District, his medical records are likely to be in the Eastern District because that is where
10 plaintiff is currently located and receiving medical care, the Eastern District has a greater
11 relation to both the defendants and the claims than does this district, and it would be more
12 convenient for the parties for the case to proceed there.
13       Accordingly, in the interest of justice and for the convenience of both the parties and the
14 witnesses, and pursuant to 28 U.S.C. 1404(a), that this action be **TRANSFERRED** to the United
15 States District Court for the Eastern District of California.  Ruling on plaintiff's motion to
16 proceed in forma pauperis (docket number 2) is deferred to the Eastern District.
17       The clerk shall transfer this matter forthwith.
18       **IT IS SO ORDERED.**

Dated: April ___27___, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\JACKSON1558.TRN.wpd

2